---

R. V. & W. R. Co., APPELLEE, v. CHASE COUNTY ET AL., APPELLANTS.

[FILED JANUARY 13, 1892.]

**Taxation:** RAILROADS: UNIMPROVED RIGHT OF WAY. A railway company owns a right of way, grading, culverts, etc., running through two or more counties of the state. It has owned this right of way for years but there is no superstructure thereon. *Held*, That under section 39 of the revenue law, the right of way, etc., was subject to assessment by the local assessors, and that a petition to enjoin taxes so levied would be dismissed for want of equity.

APPEAL from the district court for Chase county. Heard below before COCHRAN, J.

*G. W. Watters*, for appellants, cited : *C., B. & Q. R. Co. v. Paddock*, 75 Ill., 616 ; *San F., N. & B. R. Co. v. Bd. of Equalization*, 60 Cal., 12 ; *Dundy v. Richardson*, 8 Neb., 508 ; *S. Platte Co. v. Crete*, 11 Id., 344 ; *Thatcher v. Adams Co.*, 19 Id., 485 ; *Appelgate v. Ernst*, 3 Bush [Ky.], 646 ; *V. & T. R. Co. v. Washington Co.*, 30 Gratt. [Va.], 481 ; *Cass Co. v. R. Co.*, 25 Neb., 356.

*W. S. Morlan*, and *Marquett & Deweese, contra*, cited : *B. & M. R. R. Co. v. Lancaster Co.*, 7 Neb., 35 ; 15 Id., 251 ; *Red Willow Co. v. R. Co.*, 26 Id., 660.

MAXWELL, CH. J.

A demurrer to the petition was overruled in the court below, and the injunction made perpetual. The petition is as follows:

"The plaintiff respectfully represents that it is a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska, and that as such it has procured the right of way for a line of railroad running from Culbertson, in Hitchcock county, northwestwardly through that county, and through the county of Hayes, and the county of Chase, and has built and graded a road-bed thereon, and partially completed the construction of the road by the laying of ties and rails, and the building of culverts, bridges, etc., over a portion of said line, the balance of which still remains uncompleted so far as laying the ties and rails is concerned, but the road-bed has been graded through those counties, and it is the intention of the said railroad to complete the construction of the same for the running and operation of cars, trains, and engines thereon in the usual manner of the construction of railroads

for use in the operation of trains as a common carrier in the state of Nebraska; that said line of right of way through Chase county was procured in the months of May to October inclusive, 1887, and the grade or railroad bed was built and constructed thereon in the months of July to December inclusive, 1887, and said line of right of way and railroad grade has been the property of the plaintiff ever since the same was procured and constructed as above stated.

"Second—The plaintiff further alleges that for the year 1888 the county officers and local taxing officers of the county procured an assessment to be made by the precinct assessors in said county upon the right of way and grade of said line of railroad in said county, and levied a tax thereon, and spread the same upon the records of said county as a tax against this plaintiff; that the total valuation placed upon said right of way and grade for the said line of railroad in said county for said year was the sum of $41,000, and the total amount of tax levied thereon for the said year by the local taxing officers of said county was and is the sum of $1,200.33, which was and is spread upon the records of said county as a tax lien against the property of this plaintiff.

"Third—Plaintiff further alleges that for the year 1889 the local taxing officers of said county procured an assessment to be made upon the right of way and grade of said line of railroad by the. precinct assessors of the various precincts through which said line of road is located and built, which assessment for the said year amounts as a whole to the sum of $——, and that the local taxing officers of said county levied a tax upon said year of 1889, and spread the same upon the records of said county as a tax and lien against the property of this plaintiff, which tax amounts for the year 1889 to the sum of $1,395.46, which tax still stands on the records of said county as an apparent lien upon the property of this plaintiff.

"Fourth—The plaintiff alleges that the said county of

Chase, through its officers and assessors, had no authority of law for the assessment of said property and the levying of a tax on said right of way and railroad grade; that said property was not taxable, but under the law could only be valued and assessed for taxation, if at all, for said years, by the state board of equalization, and that the pretended assessment and taxation of the same by the local taxing officers of Chase county is null and void and of no effect in law, other than to create an apparent lien and cloud upon the property of the plaintiff.

"Fifth—The plaintiff further alleges that the said taxes so levied by the local taxing officers of Chase county have been spread upon the records of said county as a tax lien against the property of this plaintiff, and that the said county, through its officers, and through the said R. A. Ewing as treasurer of said county, have threatened to proceed to the collection of said taxes by process of law, and that unless they are restrained the said county, through its officers, will proceed to collect the said taxes thus levied by them on the property of this plaintiff, by advertisement and sale ; that this plaintiff has no remedy at law to prevent the said county and the said treasurer and its officers from collecting the said taxes by distress and sale, and that it would suffer great and irreparable damages if they are allowed to proceed in the collection of the same.

"Wherefore plaintiff prays that a writ of injunction may be issued restraining the said county and the said R. A. Ewing, as treasurer of said county, and all other officers and agents of said county, from in any manner interfering with or intermeddling with the property of this plaintiff, and to restrain them, and each of them, from collecting the said taxes or any portion thereof, and from taking any steps under the law for that purpose, and that on the final hearing of said cause the said taxes may be declared null and void and of no lien or effect on the property of or against this plaintiff, and that said temporary injunction

may be made perpetual, together with such other and further relief as the plaintiff is in equity entitled to."

Section 39 of the revenue law provides "That the president, secretary, superintendent, or other principal accounting officers within this state of every railroad or telegraph company, whether incorporated by any law of this state or not, when any portion of the property of said railroad or telegraph company is situated in more than one county, shall list and return to the auditor of public accounts for assessment and taxation, verified by the oath or affirmation of the person so listing, all the following described property belonging to such corporation on the first day of April of the year in which the assessment is made within this state, viz., the number of miles of such railroad and telegraph line in each organized county in this state, and the total number of miles in the state, including the road-bed, right of way, and superstructures thereon, main and side tracks, depot buildings, and depot grounds, section and tool houses, rolling stock, and personal property necessary for the construction, repairs, or successful operation of such railroad and telegraph lines; *Provided, however,* That all machine and repair shops, general office buildings, storehouses, and also all real and personal property outside of said right of way and depot grounds as aforesaid, of and belonging to any such railroad and telegraph companies shall be listed for purposes of taxation by the principal officers or agents of such companies, with the precinct assessors of any precinct of the county where said real or personal property may be situated, in the manner provided by law for the listing and valuation of real and personal property."

It will be observed that the right of way, with the grading, bridges, culverts, etc., is not mentioned in the above section. The number of miles of railroad and telegraph line is to be given, which should include the road-bed, right of way, and superstructures thereon, main and

side tracks, depot buildings and depot grounds, section and tool houses, rolling stock, etc. In other words, a railroad running through two or more counties, with its equipment, is to be assessed as a whole by the state board. But all machine and repair shops, general office buildings, storehouses, together with all real estate and personal property outside of the right of way and depot grounds, shall be assessed by the assessors of the proper precincts. The second section of the revenue law exempts from taxation the property of the state, counties, and municipal corporations, property used exclusively for agricultural and horticultural societies and for school, religious, cemetery, and charitable purposes, etc. There is a qualified exemption for fruit and forest trees, etc., which need not be noticed. All other property in the state is taxable. In the case at bar the road-bed, grading, culverts, etc., have existed for years. They do not constitute a railroad. At the most they are but parts of the road. The legislature evidently did not contemplate a state of affairs like that set forth in the petition. It is to be supposed where a right of way is obtained and the grading done it is *bona fide* and with the intent to construct a railroad then—not five or ten years afterwards. The right of way in many cases, no doubt, was obtained for a trifle or for nothing from persons who were struggling with the hardships and privations incident to pioneer life, but were public-spirited and hoped by the construction of the road to receive advantages from the increase in value of their own and their neighbor's property. This property in most cases was taxable before it was taken, and it does not lose that character by being converted into right of way. There is no claim that the assessment is unjust or that the tax is inequitable. There is no equity in the bill. The judgment of the district court is

REVERSED AND THE ACTION DISMISSED.

THE other judges concur.